UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-20678-UU

KEVIN DENARD ROZIER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

THIS CAUSE is before the Court upon Petitioner Rozier's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2255. D.E. 1.

THE COURT has considered the Petition and the pertinent portions of the record, and is otherwise fully advised of the premises.

In his Petition for Writ of Habeas Corpus, Petitioner asserts the following claims based on ineffective assistance of counsel:

> (1) Appellate counsel failed to raise the issue that the district court did not allow him to allocute prior to the imposition of sentence;
> (2) Appellate counsel failed to introduce evidence concerning the lack of interdependence between his counts of conviction;
> (3) Appellate counsel failed to argue the procedural unreasonableness of his guidelines calculation and ultimate sentence;
> (4) Trial counsel failed to object to his guidelines calculations related to the drug amount and the Court's failure to properly calculate his guidelines sentence;
> (5) Trial counsel failed to object to the double counting of Count 20 which resulted in a two point enhancement and a consecutive sentence for possession of a firearm and a violation of his protection against double jeopardy;

> (6) Trial counsel failed to object to the finding that he was a leader or organizer and the guidelines calculation; and
> (7) Trial counsel failed to present evidence of post-conviction rehabilitation in order to mitigate his sentence.

Additionally, Petitioner claims that his sentence is unlawful because this Court did not properly consider the § 3553 factors, did not permit him to allocute, and imposed the harshest sentence out of judicial bias.

This matter was referred to Magistrate Judge Patrick A. White who issued a Report recommending that Petitioner's Petition be dismissed because he can neither establish deficient performance nor prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). D.E. 17. Petitioner objects to Magistrate Judge White's Report and argues that: (1) he was not given the opportunity to allocute before the Court imposed sentence; (2) the statements he made at his sentencing hearing were made after the Court imposed sentence and related to whether he wanted his current counsel to file an appeal on his behalf; (3) Magistrate Judge White failed to address his interdependence claim; (4) Magistrate Judge White failed to address his argument that trial counsel failed to argue that he could only be held accountable for 180.8 grams of crack cocaine; (5) Magistrate Judge White did not address his double counting and improperly calculated guideline claim, and (6) the Report confirms his argument that judicial bias robbed him of a fair re-sentencing. D.E. 24.

Upon *de novo* review, the Court disagrees in part with Magistrate Judge White's recommendation. After review of the sentencing transcripts, Petitioner is correct that he was not given an opportunity to allocute before the Court imposed sentence. Because Petitioner was entitled to an opportunity to allocute during his re-sentencing, the Court will vacate his sentence in the underlying

criminal case. *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994) (finding that defendant had a right to allocute at a re-sentencing that took place after his original sentence was vacated).

However, the Court concurs in all of Magistrate Judge White's remaining findings and concludes that Petitioner's remaining objections lack merit. With the exception of one claim, Petitioner's double counting claim, Magistrate Judge White specifically addressed Petitioner's claims. Although Magistrate Judge White did not specifically address Petitioner's double counting and improperly calculated guideline claim except to say it lacks merit, the Court agrees with Magistrate Judge White's finding. In *United States v. Webb*, the Eleventh Circuit addressed whether the application of U.S.S.G. § 2D1.1(b)(1) constituted impermissible double counting in light of the defendant's conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). 665 F.3d 1380 (11th Cir. 2012). There, the Eleventh Circuit concluded "that the application of § 2D1.1(b)(1) does not result in double counting" because the Sentencing Commission intended for the firearm enhancement to apply if the defendant possessed a firearm as a convicted felon and then used that weapon in another crime such as a drug offense. *Id.* at 1382–84. Accordingly, it is

ORDERED AND ADJUDGED that the Report of the Magistrate Judge (D.E. 17) is ADOPTED IN PART AND REJECTED IN PART in accordance with the reasons stated above. It is further

ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2255 is GRANTED IN PART AND DENIED IN PART for the reasons stated herein. It is further

ORDERED AND ADJUDGED that the Court will separately issue an order in the criminal case setting a date and time for re-sentencing. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this _9th_ day of July, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Kevin Denard Rozier, *pro se*
counsel of record